UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARION KRAYZMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MONEYGRAM PAYMENT SYSTEMS, INC.<br><br>Defendant. | CIVIL ACTION NO. 3:24-cv-02974<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Larion Krayzman ("Plaintiff") brings this lawsuit against defendant Moneygram Payment Systems, Inc. ("MoneyGram" or "Defendant"), on behalf of himself and all others similarly situated (the "Class" or "Class Members"), for violation of their privacy rights as described herein.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because (i) this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (ii) Plaintiff and at least one other Class Member are citizens of California, while Defendant is a citizen of Texas.

2. Venue is proper in this District because Defendant does business in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

### PARTIES

3. At all relevant times, Plaintiff has been a citizen of California, residing in Los Angeles County. Plaintiff was a customer of MoneyGram and, as a result, provided his personally identifiable information to MoneyGram, including without limitation his name, date of birth, social

1

security number, government identification information, financial information, bank account information, transaction information, email address, postal address, and telephone number (collectively "PII").

4. Defendant MoneyGram is a Delaware corporation with its principal place of business in Dallas, Texas.

## GENERAL ALLEGATIONS

5. In September 2024, unauthorized persons accessed MoneyGram's information systems and stole the PII of Plaintiff and the Class Members (the "Data Breach"). MoneyGram did not discover the Data Breach until September 27, 2024.

6. On October 7, 2024, MoneyGram notified Plaintiff and the Class Members that unauthorized persons had stolen their PII. MoneyGram admitted that the stolen information included consumer names, contact information (such as phone numbers, email and postal addresses), dates of birth, Social Security numbers, government-issued identification documents, utility bills, bank account numbers, MoneyGram Plus Rewards numbers, transaction information and, for a limited number of consumers, criminal investigation information.

7. Basic industry standards for PII data protection include (among other things) developing and maintaining a security policy that covers all aspects of the business, installing firewalls to protect data, and encrypting PII data. Because Defendant failed to discover the Data Breach until several days after it occurred, Defendant likely failed to maintain adequate safeguards to monitor access to, and activity, on its systems. As such, Defendant's conduct fell below the industry standard and standard of care for protecting PII.

8. As a result of Defendant's lax security, hackers have accessed the PII in a readily usable form that is of great value to them, causing Plaintiff and Class Members to be exposed to criminals seeking to use the PII for illegal activities, such as identity theft schemes. On information and belief, Plaintiff's and the Class Members' PII was accessed, exfiltrated, stolen, and disclosed and/or is still for sale to criminals. Given the sensitive nature of the PII, Plaintiff and the Class Members face a lifetime risk of identity theft.

9. PII is valuable to criminals, as evidenced by the prices they will pay through the dark web. On information and belief, PII and banking information can be sold at a price ranging from $40 to $200. Criminals can also package and sell the PII of a group of individuals targeted by a data breach and sell it for an even greater sum.

10. The criminals' theft of Plaintiff's and the Class Members' PII invaded their privacy interests, decreased the value of their PII, and placed them at imminent, immediate, and continuing risk of further identity theft-related harm. Plaintiff expects that he and the Class Members will need to spend time and money on credit monitoring, including the expense of a credit monitoring service, as part of a reasonable effort to mitigate against such harm and will continue to incur such expenses on an ongoing basis.

11. Plaintiff brings this lawsuit on behalf of Class Members whose PII was compromised as a result of the Data Breach and Defendant's failure to: (i) implement and maintain reasonable security procedures and practices appropriate to the nature of the PII; (ii) disclose its inadequate security procedures and practices; (iii) effectively monitor its systems for security vulnerabilities; and (iv) timely detect, report, and disclose the vulnerabilities that resulted in the Data Breach.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this class action under Federal Rules of Civil Procedure 23. Plaintiff seeks relief and behalf of himself and for the following Class:

> All individuals whose PII was accessed or otherwise compromised in the Data Breach that, according to MoneyGram, occurred in or about September 2024, and shall include all such MoneyGram customers whose PII was accessed, stolen, downloaded, exfiltrated or otherwise compromised on or about that date and up to and including the date that notice is given to the class.
>
> Excluded from the Class are the following individuals: Defendant's officers, directors, and current or former employees; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.
>
> Included within the Class is the following California Subclass:

>All members of the Class who, on the date of the Data Breach, resided in the State of California (the "California Subclass" or "California Subclass Members").

13. The Class and California Subclass are so numerous that the individual joinder of their members is impracticable. While the exact number and the identities of Class Members are not known at this time, the number of Class Members is likely in excess of 100,000, and the number of California Subclass Members is likely in excess of 10,000.

14. Questions of law and fact of common and general interest to the Class and California Subclass exist and predominate over any questions affecting only individual members. These common questions include, among others, the following:

a) Whether and when Defendant actually learned of the Data Breach and whether its response was adequate;

b) Whether Defendant owed a duty to the Class Members to exercise due care in collecting, storing, safeguarding, and/or obtaining their PII;

c) Whether Defendant breached that duty;

d) Whether Defendant implemented and maintained reasonable security procedures and practices appropriate to the nature of storing Plaintiff's and Class Members' PII;

e) Whether Defendant acted negligently in connection with the monitoring and/or protecting of Plaintiff's and Class Members' PII;

f) Whether Defendant violated its own security and privacy contractual terms of service and whether it failed to comply with its own privacy and data security policies and protocols in the manner represented by them;

g) Whether Defendant knew or should have known that it did not employ reasonable measures to keep Plaintiff's and Class Members' PII secure and prevent loss or misuse of that PII;

h) Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

    i)  Whether Defendant caused Plaintiff and Class Members damage;

    j)  Whether Defendant timely notified Plaintiff and the Class Members that their PII had been compromised;

    k)  Whether Plaintiff and the other Class Members are entitled to credit monitoring and other monetary relief; and

    l)  With respect to the California Subclass, whether Defendant violated California's Unfair Competition Law by failing to implement reasonable security procedures and practices.

  15.  Plaintiff's claims are typical of those of other Class Members because all had their PII compromised as a result of the Data Breach due to Defendant's acts and omissions.

  16.  Plaintiff will fairly and adequately represent the interests of the Class and California Subclass. Plaintiff's interests are not antagonistic or irreconcilably conflict with the interests of the other members. Plaintiff is represented by attorneys who are competent and experienced in consumer class action litigation.

  17.  A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the individual damage and harm suffered by each individual Class Member may be relatively small compared to the expense and burden of prosecuting such an individual case, and the difficulty of discovering and remedying the wrongdoing of Defendant. If individual Class Members were required to bring separate actions, courts would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

  18.  Defendant has acted on grounds generally applicable to the entire Class and California Subclass, thereby making final injunctive relief and/or declaratory relief appropriate.

19. Notice of the pendency of and any resolution of this action can be provided to the Class Members by individual mailed notice or the best notice practicable under the circumstances.

## COUNT I
## NEGLIGENCE
### (By the Class)

20. Plaintiff incorporates the allegations set forth above.

21. Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in obtaining, using, and protecting their PII from unauthorized third parties.

22. The duties owed by Defendant to Plaintiff and Class Members include, but are not limited to, the following:

   a) To exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PII of Plaintiff and Class Members within their possession;

   b) To follow their own policies and procedures and terms of service related to privacy and PII data protection;

   c) To protect PII of Plaintiff and Class Members in its possession by using reasonable and adequate data security practices and procedures to inhibit and prevent compromise of PII; and

   d) To implement practices and procedures to quickly detect and timely act on data breaches, including promptly notifying Plaintiff and Class Members of the Data Breach.

23. Defendant breached its duties owed to Plaintiff and the Class Members. Defendant knew or should have known the risks of maintaining and storing PII, the importance of following published and industry-standard security protocols, and the importance of maintaining secure systems.

24. Defendant knew or should have known that its security procedures and practices did not adequately safeguard Plaintiff's and the other Class Members' PII. Defendant also failed to timely detect the Data Breach, failed to timely notify Plaintiff and Class Members, and failed to encrypt, redact, and password protect the Class Members' PII.

25. Through Defendant's acts and omissions described in this Complaint, Defendant failed to provide adequate security to protect the PII of Plaintiff and the Class from being accessed and compromised.

26. Defendant breached the duties it owed to Plaintiff and Class Members in several ways, including:

    a)    Failing to implement adequate and reasonable security systems, protocols, and practices sufficient to protect Class Members' PII, creating a foreseeable risk of harm;

    b)    Failing to comply with the minimum industry security standards for data security;

    c)    Failing to act despite knowing or having reason to know that Defendant's systems were vulnerable to attacks; and

    d)    Failing to timely and accurately disclose to Plaintiff and Class Members that their PII was captured, accessed, exfiltrated, stolen, disclosed, viewed, and/or misused.

27. Due to Defendant's conduct, Plaintiff and Class Members require, among other things, extended credit monitoring. The Data Breach creates an increased risk for identity theft and other types of financial fraud against the Class Members. The consequences of identity theft are serious and long-lasting. There is a benefit to early detection and monitoring.

28. On information and belief, as a result of Defendant's negligence, Plaintiff and Class Members suffered injuries and damages that include and/or may include: (i) the lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the data breach, including but not limited to time spent deleting phishing email messages and cancelling credit cards believed to be associated with a compromised account; (iv) the continued risk to their PII, which can remain for sale on the dark web, subject to further unauthorized access and disclosure; (v) future costs in terms of time, effort, and money that will be expended to prevent, monitor, detect, contest, and

repair the impact of the PII compromised as a result of the data breach, including ongoing credit monitoring.

29. These injuries, which also include an invasion of privacy rights, were reasonably foreseeable given the history of security breaches of this nature. The injury and harm that Plaintiff and Class Members suffered was the direct and proximate result of Defendant's negligent conduct.

## COUNT II
## DECLARATORY RELIEF
**(By the Class)**

30. Plaintiff incorporates the allegations set forth above.

31. An actual controversy over which this Court has jurisdiction now exists between Plaintiff and members of the Class and Defendant concerning their respective rights, duties, and obligations. There is currently a justiciable controversy over the legality of Defendant's practices as alleged herein.

32. As a result of such practices, Plaintiff and the Class Members have been injured and will continue to be injured from the Data Breach and inadequate security policies and practices. Therefore, declaratory relief is appropriate to attain judicial clarification of the parties' rights and obligations under the applicable law.

33. Plaintiff and Class Members may be without adequate remedy at law, rendering declaratory relief appropriate in that:

   a) relief is necessary to inform the parties of their rights and obligations under any applicable agreements asserted herein;

   b) damages may not adequately compensate Class Members for the injuries suffered, nor may other claims permit such relief;

   c) the relief sought herein in terms of ceasing such practices may not be fully accomplished by awarding damages; and

        d)     if the conduct complained of is not modified, harm will result to Class Members and the general public because Defendant's wrongful conduct is continuing.

34. A judicial declaration is therefore necessary and appropriate at this time and under these circumstances so the parties may ascertain their respective rights and duties.

35. Plaintiff desires a declaration of rights of Class Members and the corresponding responsibilities of Defendant under any applicable agreements, which may include third party beneficiary rights held by Plaintiff and Class Members, and laws asserted herein, which declaration may be had before there has been any breach of such obligation in respect to which such declaration is sought.

36. Plaintiff also requests an order declaring Defendant is obligated to pay restitution to all members of the Class as appropriate and pay over all funds Defendant wrongfully acquired or retained either directly or indirectly as a result of the conduct by which Defendant were unjustly enriched.

37. Plaintiff, therefore, seeks a declaration that (1) Defendant's existing security measures do not comply with its explicit or implicit contractual obligations, law, and duties of care to provide reasonable security procedures and practices appropriate to the nature of the information to protect Members' PII, and (2) to comply with explicit or implicit contractual obligations, legal obligations, and duties of care, Defendant must implement and maintain reasonable security measures, including, but not limited to ordering:

        a)     that Defendant engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis, and ordering Defendant to promptly correct any problems or issues detected by such third-party security auditors;

        b)     that Defendant engage third-party security auditors and internal personnel to run automated security monitoring;

        c)     that Defendant audit, test, and train its security personnel regarding any new or modified procedures;

   d) that Defendant's user applications be segmented by, among other things, creating firewalls and access controls so that if one area is compromised, hackers cannot gain access to other portions of Defendant's systems;

   e) that Defendant conduct regular database scanning and securing checks;

   f) that Defendant routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach;

   g) that Defendant purchase credit monitoring services for Plaintiff and Class Members for a period of ten years;

   h) that Defendant educate its users about the threats they face as a result of the loss of their PII to third parties, as well as the steps Class Members should take to protect themselves; and

   i) that Defendants encrypt and password protect Class Members' PII.

## COUNT III
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
**(By the California Subclass)**

38. Plaintiff incorporates the allegations set forth above.

39. Defendant has engaged and continues to engage in acts and practices of unfair competition, as that term is defined in California Business & Professions Code section 17200. As used in this Complaint, "unfair competition" means an unlawful, unfair or fraudulent business act or practice. This conduct is actionable pursuant to Business & Professions Code sections 17200 and 17203.

40. Defendant engaged in unlawful acts and practices by establishing the sub-standard security practices and procedures described herein; by obtaining Plaintiff's and California Subclass Class Members' PII with knowledge that the information would not be adequately protected; and by storing Plaintiff's and the California Subclass Members' PII in an unsecure electronic environment.

41. In addition, Defendant engaged in unlawful acts and practices by failing to disclose the data breach to California Subclass Members in a timely manner.

42. As a result of Defendant's unlawful, unfair, or fraudulent business practices as alleged herein, Plaintiff suffered injury in fact and lost money or property, including but not limited to the price received by Defendant for the services, the loss of California Subclass Members' legally protected interest in the confidentiality and privacy of their PII, and additional losses as described above.

43. Defendant knew or should have known that its computer systems, software, and data security practices were inadequate to safeguard the California Subclass Members' PII and that the risk of a data breach or theft was highly likely.

44. Pursuant to Business & Professions Code section 17203, the Court may enjoin such conduct in the future on behalf of the California Subclass and the general public; obtain a provision for a corrective notice; and compel Defendant to restore to Plaintiff and the California Subclass Members any money or property that Defendant may have acquired or retained as a result of any act or practice that constitutes unfair competition. Plaintiff further seeks an order requiring Defendant to disgorge any profits Defendant may have obtained as a result of this conduct.

45. Plaintiff seeks, among other things, restitution to Plaintiff and the California Subclass Members of money or property that Defendant may have acquired by means of their business practices alleged herein, restitution and disgorgement of all profits accruing to Defendant because of such practices, declaratory relief, attorneys' fees and costs (pursuant to Cal. Code Civ. Proc. § 1021.5), and injunctive or other equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief as may be applicable to the causes of action set forth above:

A. An order certifying the Class and California Subclass as defined herein, and appointing Plaintiff and his counsel to represent them;

B. An order enjoining Defendant from engaging in the wrongful conduct alleged herein;

C. An order instructing Defendant to purchase or provide funds or additional funds for credit monitoring and other protective services for Plaintiff and all Class Members;

D. An award of compensatory and statutory damages, in an amount to be determined;

E. An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

F. An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable by law; and

G. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: November 26, 2024     Respectfully Submitted,

*/s/Edward J. Wynne*
EDWARD J. WYNNE *(pro hac vice to be submitted)*
**WYNNE LAW FIRM**
80 E. Sir Francis Drake Blvd., Ste. 3G
Larkspur, CA 94939
Tel: 415-461-6400
ewynne@wynnelawfirm.com

JAMES F. CLAPP *(pro hac vice to be submitted)*
**CLAPP & LAUINGER LLP**
701 Palomar Airport Road, Suite 300
Carlsbad, California 92011
Tel: 760-209-6565 ext. 101
jclapp@clapplegal.com

*Attorneys for Plaintiff and the Proposed Class*